

**FILED**
December 29, 2020
ST-2018-CV-00314
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| LEE J. ROHN & ASSOCIATES, LLC and CUNEO, GILBERT AND LADUCA, LLC, | ) CASE NO. ST-2018-CV-00314 )  ) |
| Plaintiffs, | ) ACTION FOR DAMAGES ) |
| vs. | )  ) |
| TERRI GRIFFITHS, | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) |
| TERRI GRIFFITHS, | )  ) |
| Counter-Plaintiff, | ) |
| vs. | )  ) |
| LEE J. ROHN & ASSOCIATES, LLC and, CUNEO, GILBERT AND LADUCA, LLC, | )  )  ) |
| Counter-Defendants. | ) |

Cite as 2020 VI Super 106U

**MEMORANDUM OPINION AND ORDER**

### I.    INTRODUCTION

¶1    **THIS MATTER** is before the Court on the following:

1.  Plaintiffs/Counter-Defendants' Partial Motion To Dismiss Counterclaim ("Partial Motion"), filed September 13, 2018;

2.  Defendant/Counter-Plaintiff's Griffiths' Opposition To Rohn And Laduca's Motion To Dismiss (Abuse of Process) ("Opposition"), filed November 21, 2018;[1] and

---

[1] The Court notes that Defendant/Counter-Plaintiff's Opposition was not filed within the twenty (20) day period required by Virgin Islands Rule of Civil Procedure 6-1(f)(2), no motion for an extension of time was filed, and Defendant/Counter-Plaintiff provides no reason as to why good cause exists nor an argument for excusable neglect regarding the untimeliness of her Opposition. *See* V.I. R. CIV. P. 6-1(f)(2) (time period for responses to Rule 12 motions); V.I. R. CIV. P. 6(b)(1) (rules for extending time). However, for the sake of judicial economy the Court will excuse this untimeliness in the instant matter.

   3. Plaintiffs/Counter-Defendants' Counter Defendants' Reply To Counter Plaintiff's Opposition To Motion To Dismiss, filed December 10, 2018.

¶2    Plaintiffs/Counter-Defendants Lee J. Rohn and Associates and Cuneo, Gilbert, and LaDuca ("Plaintiffs") initiated this case on June 11, 2018, alleging tortious interference with their contractual relationships by the Defendant and defamation by the Defendant which resulted in the filing of a grievance, loss of reputation, and other damages.[2] On August 17, 2018, Defendant/Counter-Plaintiff Terri Griffiths ("Defendant") filed her Answer and Counterclaim and on August 24, 2018, she filed her Answer First Amended Counterclaim.

¶3    In her Answer First Amended Counterclaim, Defendant accuses Plaintiffs of, inter alia, abuse of process.[3] In her counterclaim, Defendant states that she filed a grievance in the District Court against Plaintiffs on November 1, 2016; that on November 7, 2016, Plaintiffs filed an interpleader action in Superior Court;[4] and that said interpleader was an attempt to move the grievance from District Court "to the Supreme Court Disciplinary Counsel."[5] Defendant further alleges the interpleader proceeding in the Superior Court is an "attempt to obtain a false declaration that the District Court [g]rievance allegations are false in an attempt to avoid sanctions."[6]

¶4    Finally, she alleges that this instant proceeding was brought for "the improper or ulterior purpose (leverage) to convince [Defendant] to terminate her legal representation" of the grievants in the District Court proceeding and defendants in the Superior Court proceeding and that Plaintiffs' "use of process is to obtain a collateral advantage or corresponding detriment which is outside the legitimate ends of the process."[7] Plaintiffs moved on September 13, 2018, to partially dismiss Defendant's counterclaim of abuse of process for failure to state a claim, and Defendant opposed the Partial Motion on November 21, 2018.

¶5    In her Opposition, Defendant raises objections and new claims of abuse of process. Defendant asserts that Plaintiff misuses process with respect to the service of court documents,[8] that the instant case was brought to harass Defendant,[9] and the instant lawsuit will have a chilling

---

[2] Pls.' Compl. 5-6.

[3] Def.'s Answer First Am. Countercl. 15-16.

[4] *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020).

[5] Def.'s Answer First Am. Countercl. 16.

[6] Def.'s Answer First Am. Countercl. 16.

[7] Def.'s Answer First Am. Countercl. 16.

[8] Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 6 ("Rohn has also misused the process with respect to service of court documents — in all of her cases where the undersigned as appeared as defense counsel — and has steadfastly refused to email the undersigned duplicate copies as required under Rule 5.").

[9] Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 11 ("Courts have allowed such claims to proceed when the alleged improper motives were to . . . harass the opponent or weaken the opponent's resolve to continue to represent the Chapin Defendants in 16 CV 158.") It should be noted Defendant then cites to a 2002 case from Tennessee which has nothing to do with the Chapin Defendants or instant matter. This quote comes from Defendant's analysis of the applicable law, which consists almost entirely of unrelated and unpersuasive authority and bare bone statements. The Defendant then reasserts her bare bone conclusion that the motive behind the instant lawsuit is to harass Defendant. Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 13 ("Rohn and LaDuca brought the instant lawsuit which lacks any merit to harass and to dissuade the undersigned from continuing to represwent [sic] the Chapin Group. Although the undersigned is not a named party in

effect on "any future grievances or second opinions contemplated by the [Defendant]" or other attorneys.[10] On December 18, 2018, Defendant was disqualified as counsel for the defendants in the interpleader action by a memorandum opinion and order signed by Judge Mackay.[11] The interpleader case was dismissed with prejudice on August 4, 2020, after new counsel was retained and the parties in that case stipulated to the disbursement of funds.[12]

## II.   LEGAL STANDARD

### A. Motion to Dismiss

¶6     Virgin Islands Rule of Civil Procedure 12(b)(6) allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted."[13] To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[14] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom must be viewed in the light most favorable to the plaintiff."[15] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[16]

¶7     "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief[.]"[17] Further, "the purpose of the notice pleading standard is to avoid 'dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[18] Determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[19] "The Virgin Islands reaffirmed . . . that a complaint must survive a three-

---

the underlying civil proceeding, there is no lack of standing with respect to the present abuse of process claim because Rohn and LaDuca's claims are aimed at the undersigned and intended to have a direct and immediate impact on the undersigned and to coerce the undersigned to either terminate legal representation of the Chapin Group or to persuade her Clients to accept a settlement offered by Rohn and LaDuca that is contingent on an affirmative unethical act.").

[10] Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 13 ("Even more troubling . . . the instant lawsuit certainly serve as a chilling effect on any future grievances or second opinions contemplated by the undersigned and probably any other attorney who dares to agree to represent one of Rohn's former clients.").

[11] Dec. 18, 2018 Mem. Op., *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020).

[12] July 9, 2020 Order Granting Parties Stipulation, *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020); Aug. 4, 2020 Order of Dismissal with Prejudice, *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020).

[13] V.I.R. Civ. P. 12(b)(6).

[14] V.I.R. Civ. P. 8(a)(2).

[15] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (Super. Ct. 2015) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[16] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206–170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

[17] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 2019 VI 21, ¶12 (citing *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075, 1080 (Utah App. 2010)).

[18] *Basic Servs., Inc.*, ¶10 (citing V.I.R. Civ. P. 8 Reporter's Note; and *Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017)).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

pronged test when a trial court is reviewing a motion to dismiss filed under Rule 12(b)(6)."[20] In making the plausibility determination:

> First, the Court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.[21]

¶8    If the remaining facts are sufficient for the court to draw a reasonable inference that the defendant is liable based on the elements the plaintiff must plead, then the claim is considered plausible.[22]

### B. Abuse of Process

¶9    This Court conducted a *Banks* analysis in *Kiwi Construction, LLC v. Pono*[23] and subsequently adopted the elements of a cause of action for abuse of process as detailed in Restatement (Second) of Torts § 682.[24] Section 682 states: "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process."[25] Comment (b) of Section 682 elaborates that the use of the word "primarily" means that "there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant."[26]

¶10    The Court further went on to elaborate the elements which must be proven in the Virgin Islands to successfully plead an abuse of process claim, namely that: "(1) while acting with an ulterior motive or an improper purpose, (2) the defendant used process in a manner that would not be proper in the normal prosecution of a case."[27] Improper or ulterior motive is established by a showing of either "coercion to obtain a collateral advantage that is not properly involved in the proceeding and is used to accomplish an end that is not within the regular purview of the process or compels the opposing party to do some collateral thing that he would not be legally and regularly

---

[20] *Arellano v. Rich*, 2019 VI Super 76, ¶7.
[21] *Brady v. Cintron*, 55 V.I. 802, 822-23 (V.I. 2011) (citing *Joseph v. Bureau of Corrections*, 54 V.I. 644, 649-50 (V.I. 2011)).
[22] *Id.*
[23] Case No. ST-2013-CV-011, __ V.I. __, 2016 V.I. LEXIS 1 (V.I. Super. Ct. Jan. 15, 2016).
[24] *Id.* at *6-10.
[25] RESTATEMENT (SECOND) OF TORTS § 682 (1977).
[26] RESTATEMENT (SECOND) OF TORTS § 682 cmt. b (1977).
[27] *Id.* at *9-10.

be required to do."[28] "Regarding the second element, a plaintiff must demonstrate that process was used 'for a purpose other than that for which the process was designed[.]'"[29] "[T]he wrong arises when a legal action initiated with sufficient factual and legal basis is used improperly as leverage, often in the form of a threat or extortion to obtain some collateral benefit not within the scope of the original action."[30]

¶11    Comment (a) of the Restatement (Second) of Torts § 682 provides in relevant part:

> The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process *or the wrongful initiation of criminal or civil proceedings*; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish . . . The *subsequent* misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section.[31]

¶12    Further, because the tort of abuse of process may discourage citizens' willingness to bring a civil dispute and resolve their problems in court, it is generally disfavored and is construed narrowly.[32]

## III.    ANALYSIS

¶13    As stated above, the first step in a motion to dismiss is to identify the elements which Defendant must plead. The Court reiterates that to prove an abuse of process claim, Defendant must show that (1) while acting with an improper purpose or ulterior motive (2) a party used process that would not be proper in the normal prosecution of a case. Next the Court must determine what allegations are no more than mere conclusions or allegations devoid of further factual enhancement. Assuming the veracity of those that are more than mere conclusions, the Court must then determine whether they give plausible rise to relief.

¶14    Defendant alleges that the filing of the interpleader action by Plaintiffs in a case[33] involving money in dispute – settlement checks, costs, and fees – between Plaintiffs and other defendants who are also grievants in a District Court case in which Defendant represents the grievants, was done in an attempt to move the grievance case from District Court to the Virgin Islands Supreme

---

[28] *Arellano,* ¶16.

[29] *Kiwi Construction, LLC,* 2016 V.I. LEXIS 1, at *9 (quoting *McGee v. Feege,* 535 A.2d 1020, 1026 (Pa. 1987)).

[30] *Id.* at *7-8 (quoting Timothy P. Getzoff, Comment, *Dazed and Confused In Colorado: The Relationship Among Malicious Prosecution, Abuse Of Process, And The Noerr-Pennington Doctrine,* 67 U. COLO. L. REV. 675, 682-83 (1996)).

[31] RESTATEMENT (SECOND) OF TORTS § 682 cmt. a (1977) (emphasis added).

[32] *Kiwi Construction, LLC,* 2016 V.I. LEXIS 1, at *8 (quoting *Anderson Dev. Co. v. Tobias,* 116 P.3d 323, 339 (Utah 2005); *Durham v. Guest,* 204 P.3d 19, 26 (N.M. 2009) ("However, the tort of abuse of process has 'the potential to impose an undue chilling effect on the ordinary citizen's willingness to . . . bring a civil dispute to court, and, as a consequence, the tort ha[s] traditionally been regarded as . . . disfavored[.]' Therefore, the tort of abuse of process 'should be construed narrowly in order to protect the right of access to the courts.'")).

[33] *Lee J. Rohn & Assoc., LLC v. Chapin, et al.,* ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020).

Court.[34] There is no argument provided by Defendant as to how the filing of the interpleader could move a grievance case from the District Court to the Virgin Islands Supreme Court, and there is no indication from the interpleader case the Plaintiffs attempted to somehow transfer the grievance.[35] There is clearly no basis in law or in fact for this argument.

¶15 Defendant's next argument for abuse of process is that the interpleader action was an attempt "to obtain a false declaration that the [g]rievance allegations were false in an attempt to avoid sanctions."[36] The grievance action and the interpleader arise from the same set of underlying facts: disputed costs, fees, and settlement funds. Plaintiffs, in their First Amended Interpleader, filed November 7, 2016, request the Court "to determine who is entitled to the distribution of what funds paid jointly to Plaintiffs and Defendants and for costs and fees pre and post judgment interest and other such relief as this Court deems fair and just."[37] Even assuming the Court's ruling in the interpleader case may have some collateral advantage for Plaintiffs in a grievance case before another court, this Court does not discern how the filing of an interpleader suit is improper, in what way it compels an opposing party to do something that party would not be ordinarily required to do, or how any declaration by the Court would be "false" in that case.[38] This assertion also fails to

---

[34] Def.'s Answer First Am. Countercl. 16 ("Rohn and LaDuca have used the original proceeding in an attempt to improperly move the District Court Grievance to the Supreme Court Disciplinary Counsel."). To further support this claim, Defendant cites in her Opposition as Exhibit 2 "Griffiths' Response To Motion For A Finding Of Contempt" which was filed in the interpleader case (ST-2016-CV-00655) on February 28, 2017. Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 5 ("In her motion practice, Rohn asked the Court to refer the matter to Disciplinary Counsel for the VI Supreme Court and the Chapin Defendants objected. See, Chapin Opposition attached as Exhibit 2.") In what appears to be page 2 of Griffiths' Resp. To Mot. For A Finding of Contempt (the pages in the record are not numbered), Defendant states: "In an effort to derail the Answer and an attempt to obtain an order sending the dispute to VI Supreme Court disciplinary counsel, Lee Rohn filed a motion for emergency relief requesting that the Defendants be enjoined from responding to the claims brought against them because they were defamatory and would injure her reputation." Griffiths' Resp. To Mot. For A Finding of Contempt 2, *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020). However, in the Emergency Motion For Protective Order filed by Plaintiffs in the interpleader case on January 17, 2017, Plaintiffs simply state: "Instead of following the required procedure for filing grievances set out by the Virgin Island Supreme Court which is to file confidentially with the disciplinary counsel of the Supreme Court as a confidential document (VI Supreme Court Rule 209.1; Disc. Enf. Rules Rule 14) she has repeatedly threatened to publicly file the grievance with this Court . . . In addition there is no rule or mechanism that allows her to file a grievance with the Superior Court since the Supreme Court exercises exclusive jurisdiction in these matters." Pl.'s Emergency Mot. For Protective Order 2-3, *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020). It is clear that Plaintiffs were seeking a protective order and justifying it with the Supreme Court confidentiality rules for disciplinary action, *not* seeking an order that the Court transfer the grievance to the Supreme Court.

[35] See *supra* note 34 ("It is clear that Plaintiffs were seeking a protective order and justifying it with the Supreme Court confidentiality rules for disciplinary action, *not* seeking an order that the Court transfer the grievance to the Supreme Court.").

[36] Def.'s Answer First Am. Countercl. 16.

[37] Pl.'s First Am. Interpleader 3, *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020).

[38] Plaintiffs filed ten (10) checks with their First Amended Interpleader which the Court deposited into the registry of the Court pending the outcome of the litigation. See April 3, 2017 Order, ST-2016-CV-00655 at 1-2, *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020). Plaintiffs sought the Court's adjudication as to the proper disbursement of those funds between the Defendants and themselves. See Pl.'s First Am. Interpleader, *Lee J. Rohn & Assoc., LLC v. Chapin, et al.*, ST-2016-CV-00655 (V.I. Super. Ct. Aug. 4, 2020). Black's Law Dictionary defines "interpleader" as: "A suit to determine a right to property held by a *usually* disinterested third party (called a stakeholder) who is in doubt about ownership and who therefore deposits the property with the court

satisfy the elements of abuse of process.

¶16    Defendant's third argument presented in her Answer First Amended Counterclaim relates to the instant proceeding and claims it is for the ulterior and improper purpose of convincing Defendant to terminate her legal representation of the defendants in the interpleader case and the grievants in the District Court grievance case. The Court notes that Defendant was not a party to either the grievance or the interpleader action but was retained as counsel. As a result of the instant case, Defendant was disqualified as counsel in the interpleader case.

¶17    Assuming *arguendo* Plaintiffs had an ulterior desire to disqualify Defendant as counsel to defendants and grievants in the other cases, Defendant fails to explain how this ulterior purpose would be of "benefit" to the Plaintiffs or what "collateral benefit" Plaintiffs gain from the disqualification of Defendant from the other cases. There is no indication the Defendant is somehow especially situated to litigate the grievance or interpleader action in a manner superior to other counsel – indeed Defendant's close personal involvement with the underlying facts of the case and acrimonious relationship with Plaintiff Lee J. Rohn[39] suggest that prior bias could have affected her ability to provide detached and impartial representation for defendants and grievants in those cases. Once new counsel was retained in May of 2020, the matter was settled within three months.

¶18    Further, the Court notes that once Defendant was disqualified, the interpleader action was delayed, requiring more of Plaintiffs' time and resources, as well as a delay in the disbursement of the Plaintiffs' disputed costs and fees, as defendants in the interpleader case represented themselves *pro se* for several years before finally retaining new counsel on May 6, 2020, and reaching a conclusion August 4, 2020 — nearly four years after the filing of the case. In the matter at hand, the alleged abusive act of process was the filing of the instant case. Even assuming an ulterior motive to disqualify Defendant from her representation in other matters, the Court strains to see any collateral benefit to Plaintiffs. Lastly, the initiation of a civil suit alone cannot give rise to an abuse of process claim.[40] Abuse of process is a tort remedy when process, such as a summons, discovery, subpoena, warrant, or other legal procedure, is used to gain leverage over a party or in a matter not properly before the Court, it is not a tort remedy for the commencement of a civil suit, even if done maliciously.[41]

---

to permit interested parties to litigate ownership." BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added). That Plaintiffs' have some interest in the distribution of the funds amongst the Defendants – namely their costs and fees – does not make interpleader improper here. Rather, since dispute over the monies had already resulted in a grievance, making mediation a likely unfruitful avenue, interpleader and Court intervention was an appropriate and proper course for Plaintiffs to take.

[39] *See, e.g.* Answer First Am. Countercl. 4-15; *see also* Answer First Am. Countercl. 15 ("My tenure with Lee Rohn was one of the darkest periods of my life.").

[40] *Kiwi Construction, LLC*, 2016 V.I. LEXIS 1, at *11-12 (quoting *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 708 A.2d 283, 286 (Me. 1998)) ("But Defendants have not stated a claim for abuse of process because they have not pleaded that Kiwi used process in a manner that would not be proper in the normal prosecution of a case . . . Defendants conclude that Kiwi's 'act of filing the Complaint' renders it liable for abuse of process . . . [But], 'the filing of a lawsuit is a regular use of process, and therefore may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent.").

[41] RESTATEMENT (SECOND) OF TORTS § 682 cmt. a (1977).

¶19     In her Opposition, Defendant raises new allegations of abuse of process. The Court begins by noting that these allegations are not properly before the Court, as they were not contained in Defendant's Answer First Amended Counterclaim nor has the Court granted leave to supplement pleadings.[42] However, for the sake of judicial economy, the Court will address each of these new allegations of abuse of process. The first claim is that in all cases where Defendant has appeared as defense counsel, Plaintiff Lee J. Rohn engages in "abusive litigation tactics" by serving documents via mail as opposed to email.[43] Virgin Islands Rule of Civil Procedure 5(b)(3)(C) allows service by mail[44] and Rule 5(b)(3)(E) allows service by email if the person has consented in writing.[45] There is no requirement that service be completed by email. While electronic service may be cheaper and eco-friendly, Defendant does not advance what ulterior motive or collateral benefit Plaintiffs achieves through service by mail, nor is service by mail a process that is not proper in the normal prosecution of a case.[46]

¶20     The next new claim raised in Defendant's Opposition is that this case was initiated in order to harass Defendant. Beyond stating a mere conclusion, the Court has already addressed that the initiation of a case is not on its own an abuse of process. There is no claim of excessive, frivolous, and costly subpoenas, abuse of discovery procedures, or repetitive, needless, and harassing depositions. These are the sort of process abuses the tort claim is meant to protect against, not the initiation of a civil suit. Filing suit out of spite or a desire for vengeance[47] alone is not enough for abuse of process.[48]

---

[42] V.I.R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.").

[43] Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 13-14 ("Rohn has engaged in abusive litigation tactics with respect to serving documents filed with the Courts by email She will serve her co-counsel via email as requested but not the undersigned.").

[44] V.I.R. Civ. P. 5(b)(3)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address — in which event service is complete upon mailing.").

[45] V.I.R. Civ. P. 5(b)(3)(C) ("A paper is served under this rule by . . . sending it by electronic means if the person has consented in writing — in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.").

[46] The Court notes that as of December 18, 2020, V.I.R. Civ. P. 5(b)(2) was amended to state: "In any case governed by the Virgin Islands Electronic Filing Rules, all papers after the complaint must be filed with the court and served on every party as provided in those Rules, which include provisions for Electronic Service by transmission of a Notice of Electronic Filing to registered filers that they may view and download the filed documents using an included hyperlink." The Virgin Islands Electronic filing rules require all attorneys practicing in the Virgin Islands to use the electronic filing service. V.I. E-File R. 4(a)(3) ("The following individuals are required to register to use the electronic filing system . . . All individuals admitted to the practice of law in the Virgin Islands, both active or inactive, and whether regularly admitted, specially admitted, admitted pro hac vice, or admitted pursuant to a limited license to practice as in-house counsel, foreign legal consultant, or legal intern; as well as any designated staff associated with the individual's legal organization.").

[47] Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 13 ("This lawsuit is vicious, vindictive . . .").

[48] RESTATEMENT (SECOND) OF TORTS § 682 cmt. b (1977).

¶21    Defendant's final assertion for abuse of process is that the instant lawsuit will have a "chilling effect" on any future grievance contemplated by Defendant or "any other attorney."[49] This claim is not only a mere conclusion, but speculative. Defendant cites to *Wallace v. Kmart*[50] for this proposition, asserting it shows that Plaintiff Lee J. Rohn has a pattern of suing former clients and attorneys.[51] The *Wallace* case is about Plaintiff Lee J. Rohn's accusations of judicial bias and requests for recusal of a judge.[52] Defendant does not include a pincite, but while the case as a whole does not stand for her proposition, the case does state: "When these attorneys refused Rohn's demand that they change their testimony after their depositions, Rohn threatened to sue them. When they refused to perjure themselves, she delivered on her threat, suing them."[53] Similar to the initiating of a complaint, a litigious nature is not abuse of process.[54]

¶22    While Defendant's last allegation of abuse of process is mere conclusory speculation and wholly fails to satisfy the elements, Defendant and other attorneys can rest assured that a properly made grievance remains privileged and protected by Virgin Islands Supreme Court Rule 209.12.[55]

## IV.    CONCLUSION

¶23    Defendant has accused Plaintiffs of abuse of process. Plaintiffs have filed a Partial Motion to dismiss this claim for failure to state a claim. Upon review of each of Defendant's claims in her Answer Amended Counterclaim, as well as several new allegations not properly before the Court which Defendant raises in her Opposition, but considered for the purposes of judicial economy, the Court finds that some are mere conclusions, and others, assuming their veracity, fail to satisfy the elements of abuse of process or state a claim which could plausibly entitle Defendant to relief. Therefore, the Court will grant Plaintiffs' Partial Motion and dismiss Defendant's abuse of process claim.

¶24    Accordingly, it is

    **ORDERED** that Plaintiffs/Counter-Defendants' Partial Motion To Dismiss Counterclaim, filed September 18, 2018, is **GRANTED**; and it is further

---

[49] Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 13.

[50] 821 F. Supp. 2d (D.V.I. 2011).

[51] Def.'s Griffiths' Opp'n To Rohn And LaDuca's Mot. To Dismiss (Abuse Of Process) 13 ("Even more troubling, the underlying civil litigation (Rohn v Chapin) and the instant lawsuit certainly serve as a chilling effect on any future grievances or second opinions contemplated by the undersigned and probably any other attorney who dares to agree to represent one of Rohn's former clients. See, e.g., *Wallace v. Kmart Corporation*, 821 F Supp 2d 763 (DVI 2011) (Rohn's pattern of suing former clients and attorneys).").

[52] *Id.* at 778 ("Nor is there any credible evidence of a deep seated and extreme bias against Rohn that can be imputed against her clients. In short, there is no basis for recusal. Therefore, the motions will be denied.").

[53] *Id.* at 776.

[54] *See Parker v. Google*, 2008 U.S. Dist. LEXIS 50524, at *5 (E.D. Penn. 2008) ("Finally, the abuse of process claim was dismissed because Parker's litigation history did not constitute a perversion of the legal process to obtain some unlawful purpose.")

[55] V.I.S.CT.R. 209.12 ("Communications to the Commission, Commission Counsel, Disciplinary Counsel, or their staffs relating to misconduct or incapacity, as well as testimony given in all proceedings arising under these Rules, shall be absolutely privileged; and no civil lawsuit predicated thereupon may be instituted against any complainant or witness.").

*Lee J. Rohn & Assc., LLC, et al. v. Terri Griffiths*
Case No. ST-2018-CV-00314
Memorandum Opinion & Order
Page 10 of 10

Cite as 2020 VI Super 106U

**ORDERED** that Defendant's counterclaim of Abuse of process, filed August 24, 2018, is **DISMISSED as to Plaintiffs/Counter-Defendants Lee J. Rohn & Associates and Cuneo, Gilbert, and LaDuca**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorney Terri Griffiths and Attorney Lee Rohn.

DATED: December **29**, 2020

**DENISE M. FRANCOIS**
Judge of the Superior Court
of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LORI BOYNES**
Chief Deputy Clerk _12_ / _30_ / _2020_